UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICAN OVERSIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 21-3030 (TNM) |
| | ) | |
| U.S. DEPARTMENT OF HOMELAND | ) | |
| SECURITY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMOANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

Date: March 3, 2023

MATTHEW M. GRAVES, D.C. Bar No. 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:     /s/ *FITHAWI BERHANE*
FITHAWI BERHANE
Assistant United States Attorney – Civil Division
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-2551
Fithawi.Berhane@usdoj.gov

*Counsel for the United States of America*

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................. 1

BACKGROUND ................................................................................................................. 1

LEGAL STANDARD........................................................................................................... 1

    A.   Motion for Summary Judgment Under Rule 56............................................................ 1

    B.   Summary Judgment in the FOIA Context Generally ...................................................... 2

ARGUMENT ...................................................................................................................... 4

    II.     ICE PROPERLY INVOKED FOIA EXEMPTIONS FOR THEIR WITHHOLDINGS 7

    A.   ICE Properly Withheld Certain Information Pursuant to FOIA Exemption 3 ................ 7

    B.   ICE Properly Withheld Certain Information Pursuant to FOIA Exemption 5 ................ 7

    C.   ICE Properly Withheld Certain Information Pursuant to FOIA Exemption 7(C)........... 9

    D.   ICE Has Properly Withheld Certain Information Under Exemption 7(E) .................... 11

    III.    ICE RELEASED ALL REASONABLY SEGREGABLE INFORMATION ............... 13

# TABLE OF AUTHORITIES

*Agrama v. IRS, 282 F. Supp. 3d 264* (D.D.C. 2017)....................................................................... 13
*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)……………………………………..1
*Blackwell v. FBI*, 646 F.3d 37 (D.C. Cir. 2011) ..................................................................... 10, 11
*Boyd v. Crim. Div. of Dep't of Just.*, 475 F.3d 381 (D.C. Cir. 2007) ...................................... 10, 11
*Budik v Dep't of Army*, 742 F. Supp. 2d 20, 30 (D.D.C. 2010)…………………………………..6
*Clemente v. FBI*, 867 F.3d 111, 117 (D.C. Cir. 2017)…………………………………………….4, 7
*Citizens for Resp. & Ethics in Wash. v. Dep't of Just.*, 746 F.3d 1082 (D.C. Cir. 2014) ............. 3
*DeBrew v. Atwood,* No. 12-5361 (June 30, 2015)……………………………………………………..2
*Defenders of Wildlife v. Dep't of Interior*, 314 F. Supp. 2d 1, 8 (D.D.C. 2004)…………………..5
*Defenders of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 91 (D.D.C. 2009)…………….5
*Iturralde v. Comptroller of Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003)……………..…….4, 6
*Kowalczyk v. Dep't of Just.*, 73 F.3d 386, 388 (D.C. Cir. 1996)…………………………………….5
*Jud. Watch v. Dep't of Def.*, No. 19-1384, 2021 WL 270503 (D.D.C. Jan. 27, 2021)............. 7, 12
*Jud. Watch, Inc. v. Rossotti*, 285 F. Supp. 2d 17, 26 (D.D.C. 2003)……………………………….4
*Kilmer v. U.S. Customs & Border Prot.*, Civ. A. No. 17-1566 (CKK), 2021 WL 1946392, (D.D.C. May 14, 2021)……………………………………………………………………………………..6
*Labow v. Dep't of Just.*, 831 F.3d 523 (D.C. Cir. 2016).................................................................. 7
*Loving v. Dep't of Def.*, 550 F.3d 32 (D.C. Cir. 2008) ................................................................... 8
*Machado Amadis v. Dep't of State*, 971 F.3d 364 (D.C. Cir. 2020)........................................... 3, 8
*Marks v. Dep't of Justice*, 578 F.2d 261, 263 (9th Cir. 1978)………………………………………5
*Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242 (D.C. Cir. 1977)..................... 13
*Meeropol v. Meese*, 790 F.2d 942, 956 (D.C. Cir. 1986)………………………………………..,..2
*Myrick v. Johnson*, 199 F. Supp. 3d 120 (D.D.C. 2016)…………………………………………. 11
*Nat'l Archives & Recs. Admin. v. Favish*, 541 U.S. 157 (2004).................................................... 9
*Oglesby v. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)…………………..…….2, 4, 5, 6
*Perry v. Block*, 684 F.2d 121, 127 (D.C. Cir. 1982)……………………………………………….2
*SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991)…………………………..3, 4
*Summers v. Dep't of Just.*, 140 F.3d 1077 (D.C. Cir. 1998) ........................................................ 13
*Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990)…………………………………….4, 7
*Ullah v. CIA*, 435 F. Supp. 3d 177 (D.D.C. 2020)…………………………………………………2
*Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999)…………………….4
*Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983)……………………….2

**Statutes**

5 U.S.C. § 552(b)(7)(E) ................................................................................................................. 11
5 U.S.C. § 552(a)(8)(A)(i)(I) .......................................................................................................... 3
5 U.S.C. § 552(b) ........................................................................................................................... 13
5 U.S.C. § 552(b)(5) ....................................................................................................................... 8
5 U.S.C. § 552(b)(7)(C) .................................................................................................................. 9

**Rules**

Fed. R. Civ. P. 56(a) ....................................................................................................................... 1

## INTRODUCTION

This case arises from Freedom of Information Act ("FOIA") requests that Plaintiff American Oversight made to Defendants the United States Department of Homeland Security ("DHS") and DHS component, the United States Immigration and Customs Enforcement ("ICE") (collectively, "Defendants").  The parties have narrowed the issues in dispute in this case to: (1) the adequacy of ICE's search for records responsive to Plaintiff's FOIA requests; and (2) the propriety of ICE's assertion of FOIA Exemptions 3, 5, 7(C), and 7(E) as a basis for withholding certain information in the responsive records produced to Plaintiff. ECF No. 19 at 3.  As demonstrated below, ICE conducted adequate searches, properly invoked FOIA Exemptions to withhold certain limited information, and has released all reasonably segregable non-exempt information. Accordingly, the Court should grant summary judgment in Defendants' favor.

## BACKGROUND

Defendants incorporate herein the attached Defendants' Statement of Material Facts Not Genuinely in Dispute ("SMF") and the accompanying Declaration of Fernando Pineiro.

## LEGAL STANDARD

### A.  Motion for Summary Judgment Under Rule 56

Under Federal Rule of Civil Procedure ("Rule") 56, a court will grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is "material" when it "might affect the outcome of the suit under the governing law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.*

### B.  Summary Judgment in the FOIA Context Generally

"FOIA cases typically and appropriately are decided on motions for summary judgment." *Ullah v. CIA*, 435 F. Supp. 3d 177, 181 (D.D.C. 2020) (internal quotation marks omitted).

An agency is entitled to summary judgment regarding its search if the agency has conducted a search "reasonably calculated to uncover all relevant documents." *Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983).  "[A] search need not be perfect, only adequate, and adequacy is measured by the reasonableness of the effort in light of the specific request." *Meeropol v. Meese*, 790 F.2d 942, 956 (D.C. Cir. 1986). The adequacy of an agency's search does not turn on whether the requested information is found, but instead is measured by a "standard of reasonableness." *Weisberg*, 705 F.2d at 1351.  That is, the agency must show "that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested."  *Oglesby v. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990).

The agency must explain the "scope and method of the search" in "reasonable detail[,]" but need not provide "meticulous documentation [of] the details of an epic search."  *Perry v. Block*, 684 F.2d 121, 127 (D.C. Cir. 1982). "At the summary judgment stage, . . . the court may rely on a reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *see DeBrew v. Atwood,* No. 12-5361 (June 30, 2015).   An agency's affidavits describing its FOIA searches are afforded "substantial weight" (*see, e.g., Meeropol v. Meese*, 790 F.2d 942, 954 (D.C. Cir. 1986)) and "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the

existence and discoverability of other documents.'" *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991).

Moreover, "[t]o withhold a responsive record, an agency must show both that the record falls within a FOIA exemption, 5 U.S.C. § 552(b), and that the agency 'reasonably foresees that disclosure would harm an interest protected by [the] exemption,' *id.* § 552(a)(8)(A)(i)(I)." *Machado Amadis v. Dep't of State*, 971 F.3d 364, 370 (D.C. Cir. 2020). "The agency may carry [the burden of establishing that a claimed exemption applies] by submitting affidavits that 'describe the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'" *Citizens for Resp. & Ethics in Wash. v. Dep't of Just.*, 746 F.3d 1082, 1088 (D.C. Cir. 2014). "Agency affidavits sometimes take the form of a '*Vaughn* index,' but there is 'no fixed rule' establishing what such an affidavit must look like[.]" *Id.* (citation omitted).

Finally, "FOIA provides that '[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt.'" *Machado Amadis*, 971 F.3d at 371 (quoting 5 U.S.C. § 552(b)). "[The D.C. Circuit has] held that district courts cannot approve withholding exempt documents 'without making an express finding on segregability.'" *Id.* "An agency may satisfy [its segregability] obligation by '(1) providing a *Vaughn* index that adequately describes each withheld document and the exemption under which it was withheld; and (2) submitting a declaration attesting that the agency released all segregable material.'" *Jud. Watch v. Dep't of Def.*, No. 19-1384 (DLF), 2021 WL 270503, at *6 (D.D.C. Jan. 27, 2021). "The segregability requirement does not apply to non-exempt material that is

'inextricably intertwined' with exempt material, and agencies are entitled to a presumption that they disclosed all reasonably segregable material[.]" *Id.* (citation omitted).

## ARGUMENT

As discussed below, the Court should grant judgment in Defendants' favor because ICE conducted an adequate search, properly invoked exemptions for its withholdings, and released all reasonably segregable non-exempt responsive records.

## I.  ICE CONDUCTED AN ADEQUATE SEARCH FOR RESPONSIVE RECORDS

ICE fulfilled its obligation to search for records responsive to Plaintiff's FOIA requests. An agency is entitled to summary judgement in a FOIA case with respect to the adequacy of its search if it shows "'that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce information requested.'" *Clemente v. FBI*, 867 F.3d 111, 117 (D.C. Cir. 2017) (quoting *Oglesby v. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)).  "An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was 'reasonably calculated to uncover all relevant documents.'" *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999) (quoting *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990)).

A search is not inadequate merely because it failed to "uncover[] every document extant." *SafeCard Servs.*, 926 F.2d at 1201; *see Iturralde v. Comptroller of Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003) ("The adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search."); *Jud. Watch, Inc. v. Rossotti*, 285 F. Supp. 2d 17, 26 (D.D.C. 2003) ("[p]erfection is not the standard by which the reasonableness of a FOIA search is measured").  It is appropriate for an agency to search for responsive records in accordance with the manner in which its records systems are indexed.

4

*Greenberg v. Dep't of Treasury*, 10 F. Supp. 2d 3, 13 (D.D.C. 1998).  FOIA does not require that an agency search every division or field office on its own initiative in response to a FOIA request if responsive documents are likely to be located in a particular place.  *Kowalczyk v. Dep't of Just.*, 73 F.3d 386, 388 (D.C. Cir. 1996); *Marks v. Dep't of Justice*, 578 F.2d 261, 263 (9th Cir. 1978). Nor does FOIA require that an agency search every record system.  *Oglesby*, 920 F.2d at 68.

Where an agency affidavit attests that a reasonable search was conducted, the agency is entitled to a presumption of good faith.  *Defenders of Wildlife v. Dep't of Interior*, 314 F. Supp. 2d 1, 8 (D.D.C. 2004).  "To meet its burden, the agency may submit affidavits or declarations that explain in reasonable detail the scope and method of the agency's search."  *Defenders of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 91 (D.D.C. 2009).  Applying these principles, ICE is entitled to summary judgment with respect to the adequacy of its search.

Here, there is no genuine dispute that Defendant fulfilled its obligations under the FOIA and performed adequate searches for records responsive to Plaintiff's FOIA request. Whenever an individual dies in ICE custody, the Enforcement and Removal Operations ("ERO") is invariably tasked with investigating the quality of the healthcare the deceased individual received while in custody and prior to their death. Ex. 1, March 2, 2023, Declaration of Fernando Pineiro (hereinafter "Pineiro Decl.") ¶ 26. In addition, whenever an individual dies in ICE custody, the Office of Professional Responsibility ("OPR") is tasked with investigating the factual circumstances surrounding the individual's death and whether ICE complied with the relevant detention standards that are applicable to those held in ICE's custody. *Id*.  The ERO and the OPR are both directorates within ICE. *Id*. ¶ 15. Given that Plaintiff's FOIA request focused on investigative records pertaining to ICE detainee deaths, ICE reasonably and correctly determined that it would be appropriate to task program offices within ERO and OPR to perform the searches for records

responsive to Plaintiff's FOIA request.  *Id*. ¶ 27; *see also Budik v. Dep't of Army*, 742 F. Supp. 2d 20, 30 (D.D.C. 2010) ("the agency must show that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested") (quoting *Oglesby*, 920 F.2d at 68).   Further, after receipt of aforesaid FOIA requests, employees of the ERO and the OPR program offices familiar with the types of records sought in Plaintiff's FOIA requests searched the locations that were most likely to yield records that were responsive to Plaintiff's FOIA requests.  Pineiro Decl. ¶¶ 31, 37, 43, 46, 52, 54-56, 58, 68, and 73. Thus, the searches conducted by the ERO and the OPR were reasonable.  ICE has produced the records located pursuant to these searches that were responsive to the FOIA requests, asserting withholdings pursuant to applicable FOIA Exemptions with respect to certain information. *Iturralde*, 315 F.3d at 315.

Moreover, and pursuant to discussions with Plaintiff in an attempt to resolve the instant litigation, ICE directed ERO and OPR to conduct supplemental searches for records potentially responsive to Plaintiff's FOIA requests. Pineiro Decl. ¶¶ 39, 47, 59, 69, and 74. ICE's supplemental searches successfully resulted in the recovery of responsive records which were created after the date that the initial searches were conducted. *See*, e.g., *Id*. n. 11 and n. 28. This demonstrates that Defendant's searches were adequate and reasonable.  *Kilmer v. U.S. Customs & Border Prot.*, Civ. A. No. 17-1566 (CKK), 2021 WL 1946392, at *9 (D.D.C. May 14, 2021) (holding that the agency's search was reasonable when, among other things, it conducted "multiple searches of its relevant electronic databases," and "explained the scope and contents of the databases searched[.]").

As such, ICE conducted a search "reasonably calculated" to locate the records responsive to Plaintiff's FOIA request.  *Truitt*, 897 F.2d at 542.  ICE "made a good faith effort to conduct a

search for the requested records, using methods which can be reasonably expected to produce

information requested." *Clemente*, 867 F.3d at 117.   Accordingly, ICE is entitled to summary

judgment with respect to the adequacy of its search.

## II. ICE PROPERLY INVOKED FOIA EXEMPTIONS FOR THEIR WITHHOLDINGS

### A. ICE Properly Withheld Certain Information Pursuant to FOIA Exemption 3

"Exemption 3, in relevant part, provides that FOIA's disclosure obligation does not apply

to matters that are . . . specifically exempted from disclosure by [another] statute, if the statute (i)

requires that the matters be withheld from the public in such a manner as to leave no discretion on

the issue, or (ii) establishes particular criteria for withholding or refers to particular types of matters

to be withheld." *Labow v. Dep't of Just.*, 831 F.3d 523, 527 (D.C. Cir. 2016) (internal quotation

marks omitted).

ICE has properly invoked Exemption 3. ICE is submitting, contemporaneously with the

filing of this motion, a motion for leave to file under seal and *ex parte* a second declaration of

Fernando Pineiro (hereinafter "Sec. Pineiro Decl.") that supports the propriety of ICE's

Exemption 3 withholdings with information that, for the reasons described in Defendant's motion

for leave to file under seal, cannot be filed on the public docket.  Based upon the reasons discussed

in the Second Pineiro Declaration, the Court should conclude that ICE appropriately withheld

information under Exemption 3.

### B. ICE Properly Withheld Certain Information Pursuant to FOIA Exemption 5

Exemption 5 exempts from disclosure "inter-agency or intra-agency memorandums or

letters that would not be available by law to a party other than an agency in litigation with the

agency."  5 U.S.C. § 552(b)(5).  "Exemption 5 'incorporates the traditional privileges that the

Government could assert in civil litigation against a private litigant'—including the presidential communications privilege, the attorney-client privilege, the work product privilege, and the deliberative process privilege—and excludes these privileged documents from FOIA's reach." *Loving v. Dep't of Def.*, 550 F.3d 32, 37 (D.C. Cir. 2008).

"To fall within the [deliberative process] privilege, a document must be predecisional and deliberative." *Machado Amadis v. U.S. Dept of State*, 971 F.3d at 370 (D.C. Cir. 2020). "Documents are predecisional if they are generated before the adoption of an agency policy, and deliberative if they reflect the give-and-take of the consultative process." *Id.* (internal quotation marks omitted). The deliberative process privilege "protects debate and candid consideration of alternatives within an agency, thus improving agency decision making." *Id.* (internal quotation marks omitted). "The deliberative process privilege incorporated into FOIA Exemption 5 allows agencies to withhold 'documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" *Judicial Watch v. DOD*, Civ. A. No. 19-1384 (DLF), 2021 WL 270503 (D.D.C. Jan. 27, 2021) *2.

Pursuant to Exemption 5, Defendants withheld information protected by the deliberative process privilege. Pineiro Decl. ¶ 84.

With regard to the deliberative process privilege, ICE withheld materials reflecting pre-decisional drafts and deliberative internal discussions pertaining to Healthcare and Security Compliance Analysis reports and the Root Cause Analysis and Action Plan reports, which Plaintiff requested in its second, third, and fifth FOIA requests. *Id.* ¶ 85. These materials include, for example: "opinions, edits, comments, conclusions, and recommendations suggested in […] unfinalized draft reports"; "non-final proposed recommendations"; "non-final summaries of the facts" underlying detainee deaths; and "non-final recommendations pertaining to the training of

staff within the Mortality Review Reports." *Id*. ¶¶ 85-89. Additional information about ICE's withholdings based upon the deliberative process privilege and the foreseeable harm that would result from disclosure is detailed in ICE's *Vaughn* indices ("ICE *Vaughn* Index") accompanying ICE's Declaration.  ICE *Vaughn* Index at 16, 22-25.

ICE observes that "[t]he release of this internal information would [...] discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel, which would chill intra- and inter-agency communications and adversely impact the quality of internal policy decisions and the development of ICE agency positions." Pineiro Decl. ¶ 88.  Ultimately, ICE affirms that the aforesaid information was withheld "to protect the integrity of the deliberative or decision-making processes within the agency." *Id*. ¶ 85.  Therefore, for the reasons discussed herein and set forth in ICE's Declaration and *Vaughn* indices, the Court should conclude that Defendants appropriately withheld information under Exemption 5.

### C.    ICE Properly Withheld Certain Information Pursuant to FOIA Exemption 7(C)

Under Exemption 7(C), FOIA exempts from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(7)(C); *see also Nat'l Archives & Recs. Admin. v. Favish*, 541 U.S. 157, 160 (2004) (same).  "As a result of Exemption 7(C), FOIA ordinarily does not require disclosure of law enforcement documents (or portions thereof) that contain private information."  *Blackwell v. FBI*, 646 F.3d 37, 41 (D.C. Cir. 2011).  "[P]rivacy interests are particularly difficult to overcome when law enforcement information regarding third parties is implicated."  *Id.* (internal quotation marks omitted).  "[T]he Supreme Court has made clear that

requests for such third-party information are strongly disfavored." *Id.* (internal quotation marks omitted). "That is particularly true when the requester asserts a public interest—however it might be styled—in obtaining information that relates to a criminal prosecution." *Id.*

"[T]o trigger the balancing of public interests against private interests," a FOIA requester must show (i) "'that the public interest sought to be advanced is a significant one, an interest more specific than having the information for its own sake,'" and (ii) "'the information is likely to advance that interest.'" *Boyd v. Crim. Div. of Dep't of Just.*, 475 F.3d 381, 387 (D.C. Cir. 2007) (quoting *Favish*, 541 U.S. at 172).

ICE is a law enforcement agency. Pineiro Decl. ¶ 24. Plaintiff's FOIA requests sought law enforcement records. *Id.* ¶¶ 99, 103. Pursuant to Exemption 7(C), as well as Exemption 6, ICE withheld confidential immigration and investigative law enforcement information, and information that—if released—would compromise the privacy interests of the survivors of deceased non-citizen individuals. *Id.* ¶ 116.[1] Disclosure of such information would constitute an unwarranted invasion of the affected individuals' personal privacy. *Id.* Specifically, release of the aforesaid information would compromise the affected individuals' privacy interests by publicly associating them with alleged criminal activity, and by potentially subjecting them to unwarranted harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion. *Id.* ¶ 119. Additionally, based upon the reasons discussed in the Second Pineiro Declaration, filed *ex parte* and under seal, the Court should conclude that ICE appropriately withheld information under Exemption 7(C).

---

[1] Plaintiff has indicated that ICE's Exemption 6 assertions will not be challenged, and for that reason, the propriety of ICE's Exemption 6 withholdings are not separately briefed in the instant Motion.

For the reasons discussed herein and set forth in ICE's declarations and *Vaughn* indices, the Court should conclude that ICE appropriately withheld information under Exemptions 6 and 7(C). Given that the privacy interests that are implicated in the information ICE has withheld under Exemptions 6 and 7(C) palpably exceed any presumed benefit that will accrue to the public due to the disclosure of this information, it is unambiguous that ICE has properly applied Exemptions 6 and 7(C) in the instant case.

### D.      ICE Has Properly Withheld Certain Information Under Exemption 7(E)

Under Exemption 7(E), FOIA exempts from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E).   "Under [D.C. Circuit] precedents, Exemption 7(E) sets a relatively low bar for the agency to justify withholding: 'Rather than requiring a highly specific burden of showing how the law will be circumvented, exemption 7(E) only requires that the [agency] demonstrate logically how the release of the requested information might create a risk of circumvention of the law.'" *Blackwell*, 646 F.3d at 42.  Exemption 7(E) "exempts from disclosure information that could increase the risks that a law will be violated or that past violators will escape legal consequences, not merely information that expressly instruct[s] [potential violators] how to break the law."  *Myrick v. Johnson*, 199 F. Supp. 3d 120, 124 (D.D.C. 2016) (internal quotation

marks omitted).  "Exemption 7(E) is properly invoked for information and techniques that are secret and 'not generally known to the public.'"  *Id.*

ICE is a law enforcement agency.  Pineiro Decl. ¶ 24.  Plaintiff's FOIA requests sought law enforcement records.  *Id*. ¶¶ 100 - 114.

Pursuant to Exemption 7(E), ICE withheld information providing details—among other things—pertaining to the specific internal and external locations of security and surveillance cameras at relevant ICE detention facilities, as well as security vulnerabilities based on the locations of the cameras; staffing numbers, shortages and potential security vulnerabilities deriving from staffing levels at relevant ICE facilities; and the layout of relevant ICE detention facilities, locations of the cells, the layout of all portions of the subject facilities, including descriptions of how facilities are designed, the locations of security observation points, and the locations of guard stations; and the detainee numbers in specific portions of relevant ICE detention facilities. Pineiro Decl. ¶¶ 100-114. Additional information about ICE's withholdings based upon Exemption 7(E) that would result from disclosure is detailed in the *Vaughn* indices accompanying ICE's declaration.  *See* ICE *Vaughn* Index at 2-7, 9-15, and 17-22. Release of the information withheld pursuant to Exemption 7(E) would include the disclosure of procedures for law enforcement investigations or prosecutions, compromise the security of ICE detention facilities, and ultimately, would reasonably be expected to risk circumvention of the law.  *Id.*; *see also* Pineiro Decl. ¶¶ 101-114.

For the reasons discussed herein and set forth in ICE's declarations and *Vaughn* indices, the Court should conclude that Defendants appropriately withheld information under Exemption 7(E).

### III.    ICE RELEASED ALL REASONABLY SEGREGABLE INFORMATION

While an agency may properly withhold records or parts of records under one or more FOIA exemptions, it "must release 'any reasonably segregable portions' of responsive records that do not contain exempt information.'" *Agrama v. IRS*, 282 F. Supp. 3d 264, 275 (D.D.C. 2017); *see* 5 U.S.C. § 552(b) (requiring "any reasonably segregable portion of a record shall be provided to [the requester] after deletion of the portions which are exempt"). Non-exempt portions of a document "must be disclosed unless they are inextricably intertwined with exempt portions." *Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977). Before approving the application of a FOIA exemption, district courts must make specific findings of segregability regarding the documents to be withheld. *Summers v. Dep't of Just.*, 140 F.3d 1077, 1081 (D.C. Cir. 1998). Agencies are entitled to a presumption that they complied with the obligation to disclose reasonably segregable material. *Boyd v. Crim. Div. of U.S. Dep't of Just.*, 475 F.3d 381, 391 (D.C. Cir. 2007).

Here, ICE carefully reviewed the responsive records on a line-by-line and page-by-page basis to identify reasonably segregable, non-exempt information. Pineiro Decl. ¶ 124. ICE determined that all information withheld either was exempt from disclosure or was so intertwined with protected material that segregation was not possible without revealing the underlying protected material. *Id*. ¶ 125. ICE produced all the segregable, non-exempt information in the requested records. *Id*. ¶ 126.

For the reasons discussed herein and set forth in ICE's Declaration and *Vaughn* indices, the Court should conclude that Defendants have satisfied their obligation to disclose any reasonably segregable information.

13

## CONCLUSION

For all these reasons and those in the accompanying declaration, Defendants respectfully request that summary judgment be granted in their favor.

Respectfully submitted,

Date: March 3, 2023

MATTHEW M. GRAVES, D.C. Bar No. 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: /s/ *FITHAWI BERHANE*
FITHAWI BERHANE
Assistant United States Attorney – Civil Division
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-2551
Fithawi.Berhane@usdoj.gov

*Counsel for the United States of America*

14