**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | ) | |
| AMERICAN OVERSIGHT, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Case No. 21-cv-03030 (TNM) |
| | ) | |
| U.S. DEPARTMENT OF HOMELAND | ) | |
| SECURITY, *et al.,* | ) | |
| | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE SECOND
DECLARATION AND *VAUGHN* INDEX EX PARTE AND UNDER SEAL**

# TABLE OF AUTHORITIES

**Cases**

*\*Arieff v. Dep't of the Navy*, 712 F.2d 1462 (D.C. Cir. 1983)............................................ 1, 2, 7, 8

*\*Armstrong v. Exec. Off. of the President*, 97 F.3d 575 (D.C. Cir. 1996).......................... 2, 3, 5, 8

*Beck v. Dep't of Just.*, 997 F.2d 1489 (D.C. Cir. 1993).................................................. 6

*Cable News Network, Inc. v. Fed. Bureau of Investig.*, 984 F.3d 114 (D.C. Cir. 2021)............. 6, 9

*Dep't of State v. Ray*, 502 U.S. 164 (1991)................................................. 6

*Elec. Priv. Info. Ctr. v. Fed. Bureau of Investigation*, No. 1:17-CV-00121 (TNM), 2018 WL
    3838807 (D.D.C. Mar. 1, 2018)................................................. 4

*Farrugia v. Exec. Office for U.S. Att'ys*, No. CIV.A. 04-0294 PLF, 2006 WL 335771 (D.D.C.
Feb. 14, 2006) ................................................. 2

*In re Los Angeles Times Commc'ns LLC*, 28 F.4th 292 (D.C. Cir. 2022)...................................... 9

*Leopold v. Dep't of Treasury*, No. 16-CV-1827 (KBJ), 2017 WL 8222153 (D.D.C. Aug. 1, 2017)
    ................................................. 4

*\*Lykins v. United States Dep't of Just.*, 725 F.2d 1455 (D.C. Cir. 1984).............................. 2, 5, 7

*Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589 (1978)................................................. 6

*Perioperative Servs. & Logistics, LLC v. United States Dep't of Veterans Affs.*, 57 F.4th 1061
    (D.C. Cir. 2023) ................................................. 2, 3, 8

*Pub. Citizen, Inc. v. Rubber Mfrs. Ass'n*, 533 F.3d 810 (D.C. Cir. 2008)................................. 5

*\*United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980) ................................................. 1, 2, 7

*Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973)................................................. 7

*Yeager v. Drug Enf't Admin.*, 678 F.2d 315 (D.C. Cir. 1982)................................................. 6

**Statutes**

5 U.S.C. § 552(b)(3) ................................................. 5

**ARGUMENT**

In connection with their Motion for Summary Judgment (ECF No. 21) in this Freedom of Information Act ("FOIA") case, on March 3, 2023, Defendants U.S. Department of Homeland Security ("DHS") and U.S. Immigration and Customs Enforcement ("ICE") filed a Motion for Leave to File Second Declaration and *Vaughn* Index Ex Parte and Under Seal (ECF No. 20) ("Motion for Leave").

Because Defendants have not met their burden to justify the use of an ex parte and sealed declaration, Defendants' Motion for Leave should be denied.[1]

> **A.      Defendants Have Not Shown Under the *Arieff* Test That Their Exemptions Cannot Be Evaluated Publicly.**

Defendants spend the bulk of their motion arguing that the sealing of the two documents at issue—the second declaration of Fernando Pineiro and, purportedly, limited portions of ICE's *Vaughn* Index[2]—is appropriate under the test established in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980). *See* Mot. Leave at 2–4. However, the D.C. Circuit's recent *Perioperative* decision instructs that the test established in *Arieff v. Dep't of the Navy*, 712 F.2d 1462 (D.C. Cir. 1983), rather than the *Hubbard* test, controls here:

> The tests announced in *Arieff* and *Hubbard* govern two distinct questions. *Arieff* addresses whether a district court may rely on an ex parte declaration in a FOIA case. *Hubbard* addresses whether a district court must fully or partially unseal a judicial record to vindicate "this country's common law tradition of public access to records of a judicial proceeding."

---

[1] Because Plaintiff does not intend to challenge material withheld by ICE pursuant to FOIA Exemption 7(C), it responds to the Motion for Leave only as the motion and referenced documents relate to the Exemption 3 withholdings at issue.

[2] Because the version of the *Vaughn* index filed publicly on the docket contains no redactions, (ECF No. 21-4), Plaintiff notes that what Defendants actually appear to want to file under seal is not "limited portions" of their *Vaughn* index, but a different and additional index.

*Perioperative Servs. & Logistics, LLC v. United States Dep't of Veterans Affs.*, 57 F.4th 1061, 1066 (D.C. Cir. 2023) (quoting *Hubbard*, 650 F.2d at 314). Tellingly, Defendants focus on *Hubbard* and reference *Perioperative* only in one paragraph at the end of their argument. But because their Motion for Leave asks the Court to rely on an ex parte declaration to evaluate their claimed exemptions in this FOIA case, *Perioperative* is directly on point and the *Arieff* test applies.

The *Arieff* court held that in a FOIA case, receiving a declaration ex parte and in camera should be done "only where absolutely necessary." *Arieff*, 712 F.2d at 1471 (internal quotations omitted). "That necessity exists when (1) the validity of the government's assertion of exemption cannot be evaluated without information beyond that contained in the public affidavits and in the records themselves, and (2) public disclosure of that information would compromise the secrecy asserted." *Id.* When a court "does make use of in camera affidavits, it must see to it that such use is justified to the greatest extent possible on the public record, and must then make available to the adverse party as much as possible of the in camera submission." *Lykins v. United States Dep't of Just.*, 725 F.2d 1455, 1465 (D.C. Cir. 1984) (internal citations and italicizations omitted).[3] Such procedures ensure that the use of in camera declarations "has the smallest possible negative impact on the effective functioning of the adversarial system." *Armstrong v. Exec. Off. of the President*, 97 F.3d 575, 580–81 (D.C. Cir. 1996).

Here, Defendants assert that the second declaration and *Vaughn* index at issue meet the *Arieff* test because they "contain discussion of information that would allow Plaintiff to identify

---

[3] *Arieff* and *Lykins*' requirements are squarely in line with FOIA's mandate to segregate exempt and non-exempt information to the extent possible rather than withhold documents in their entirety. *See Farrugia v. Exec. Office for U.S. Att'ys*, No. CIV.A. 04-0294 PLF, 2006 WL 335771, at *8 (D.D.C. Feb. 14, 2006) ("[B]efore withholding a document in its entirety, the agency must demonstrate that it cannot segregate the exempt material from the non-exempt and disclose as much as possible.").

the nature of the withheld information . . . ." Mot. Leave at 4–5.[4] But this vague description

provides zero context about the actual contents of the proposed ex parte filings and why public

release of the filings—as opposed to public release of the withheld information itself—would

compromise the interests at stake. Nowhere in their Motion for Leave do Defendants explain why

their second declaration and *Vaughn* index cannot be parsed to publicly share their reasoning for

invoking Exemption 3 while still protecting the sensitive information withheld under the

exemption—a necessary explanation to justify the use of in camera documents. *See Armstrong*, 97

F.3d at 580 ("Case law in this Circuit is clear that when a district court uses an in camera affidavit,

it must both make its reasons for doing so clear and make as much as possible of the in camera

submission available to the opposing party."); *Perioperative*, 57 F.4th at 1067 (same).

Indeed, the entirety of Defendants' summary judgment argument in support of their

Exemption 3 withholdings is contained in the documents they wish to file under seal, with no

redacted versions of those documents filed on the public docket. *See* Mem. Supp. Defs.' Mot.

Summ. J. (ECF No. 21-2) at 7 (directing the Court to "Second Pineiro Declaration" for Exemption

3 arguments). Defendants' publicly filed declaration contains no specific details justifying their

Exemption 3 withholdings, with explanation limited to one cursory paragraph.[5] *See* Decl. Fernando

---

[4] Elsewhere in their Motion for Leave, Defendants state that the "information . . . , if released,
would constitute an unwarranted invasion of individuals' privacy rights by implicating them in
criminal activity, and subjecting them to potential harassment, criticism, intimidation, economic
reprisals, and other significantly harmful consequences," Mot. Leave at 3–4, but it is not clear on
the face of the motion whether this privacy-rights justification applies only to Defendants'
Exemption 7(C) withholdings, or to the Exemption 3 non-disclosure statutes as well.

[5] This one paragraph states in full:

> Specifically, Exemption (b)(3) was asserted to immigration
> information that is deemed confidential by statute and/or regulation.
> This information was withheld as it is covered by non-disclosure
> statutes and/or regulations that mandate the confidentiality of the

Pineiro Supp. Defs.' Mot. Summ. J. (ECF No. 21-3) ("Public Pineiro Declaration"), ¶ 82. And

their publicly filed *Vaughn* index contains no rows devoted to justifying Exemption 3

withholdings. *See generally* Public Pineiro Decl., Ex. 1 (ECF No. 21-4). Instead of publicly filing

redacted versions of the declaration and *Vaughn* index they wish to file sealed, Defendants filed

different versions altogether—a procedure that does not satisfy their obligations under the law and

prevents Plaintiff from seeing even the volume of information they seek to file out of the public

eye. *See Elec. Priv. Info. Ctr. v. Fed. Bureau of Investigation*, No. 1:17-CV-00121 (TNM), 2018

WL 3838807, at *1 (D.D.C. Mar. 1, 2018) ("releasing redacted versions of the documents in

question" among government's obligations in explaining need for in camera review); *Leopold v.*

*Dep't of Treasury*, No. 16-CV-1827 (KBJ), 2017 WL 8222153, at *2 (D.D.C. Aug. 1, 2017)

(distinguishing declaration at issue, which "appear[ed] to contain relatively few redactions," from

"cases in which entire declarations are submitted for in camera review and no information is

provided publicly" (italicization omitted)).

     As the record currently stands—with Plaintiff knowing neither the federal nondisclosure

statutes Defendants are relying upon for their Exemption 3 claims nor any clear information

regarding the context of the confidential information (beyond that it is generally immigration

information bearing on the safety of survivors and on individuals' privacy rights)—if the Court

---

information and that survive the death of the non-citizens at issue. The statutes and/or regulations at issue specifically exempt this information from disclosure and the pages at issue contain information exempted from disclosure pursuant to statute and/or regulation. Given that the safety of the survivors may be at issue should the information as to the statute and/or regulation that apply be disclosed, ICE is not disclosing the subject statutes and/or regulations in this publicly filed declaration.

*See* Public Pineiro Decl., ¶ 82.

grants Defendants' Motion for Leave, Plaintiff will be prevented both from assessing whether the

applicable statutes qualify under Exemption 3 and, if so, determining whether the withheld

information itself falls within the scope of the asserted statutes.[6] This would afford Plaintiff no

opportunity to challenge Defendants' Exemption 3 claims, a result on which courts look

disfavorably. *See, e.g.*, *Lykins*, 725 F.2d at 1465–66 (finding it "impossible for the adversary

system to function effectively" where "appellant had no opportunity to challenge the government's

claim of exemption").

Because Defendants have not provided sufficient support for why in camera review is

necessary here and have not explained why portions of the declaration they wish to file ex parte

and under seal could not be filed publicly, Defendants' Motion for Leave should be denied. *See*

*Armstrong*, 97 F.3d at 581; *Lykins*, F2d at 1465–66 (finding "proper predicates for acceptance of

in camera affidavits" not met where, among other things, "record does not show any effort by the

court or the government to supply appellant with a *Vaughn* index" and "appellant was given no

information concerning which exemptions were claimed" (italicization omitted)).

### B. Even Under the *Hubbard* Factors, the Second Declaration and *Vaughn* Index Should Not Be Sealed.

Even if the *Hubbard* test applied, Defendants would still fail to meet their burden to show

that the second declaration and *Vaughn* index should be sealed. The six *Hubbard* factors are:

> (1) The need for public access to the documents at issue; (2) the
> extent of previous public access to the documents; (3) the fact that
> someone has objected to disclosure, and the identity of that person;

---

[6] FOIA Exemption 3 permits the government to withhold information "specifically exempted from disclosure by statute . . . if that statute (A)(i) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue; or (ii) establishes particular criteria for withholding or refers to particular types of matters to be withheld; and (B) if enacted after the date of enactment of the OPEN FOIA Act of 2009, specifically cites to this paragraph." 5 U.S.C. § 552(b)(3). "Before a court inquires into whether any of the conditions are met, however, it must first determine whether the statute is a withholding statute at all . . . ." *Pub. Citizen, Inc. v. Rubber Mfrs. Ass'n*, 533 F.3d 810, 813–14 (D.C. Cir. 2008).

(4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*Cable News Network, Inc. v. Fed. Bureau of Investig.*, 984 F.3d 114, 118 (D.C. Cir. 2021) (internal quotations omitted).

Defendants claim in their discussion of the first factor that because the documents "do not involve any trial proceedings" or "bear on guilt or innocence" or "the examination of witnesses," this factor "weighs in favor of sealing." Mot. Leave at 3. But that is far too limited an understanding of the need for public access, both generally, *see Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) ("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." (footnotes omitted)), and specifically here, in a FOIA case. Indeed, the whole point of FOIA is disclosure. *See Beck v. Dep't of Just.*, 997 F.2d 1489, 1490 (D.C. Cir. 1993) ("The purpose of the Freedom of Information Act . . . is to 'facilitate public access to Government documents.'" (quoting *Dep't of State v. Ray*, 502 U.S. 164, 173 (1991))); *Yeager v. Drug Enf't Admin.*, 678 F.2d 315, 320 (D.C. Cir. 1982) ("[T]he Act imposes a duty upon agencies to disclose their records."). The underlying records responsive to the FOIA requests at issue in this case relate to the deaths of individuals held in ICE custody. Conditions faced by individuals held in immigration detention, including the treatment received and standard of care upheld, remain an urgent public concern. Accordingly, there exists powerful public interest in the records at issue in this case, and thus in the documents Defendants seek to file under seal, which go to the heart of whether that public interest in disclosure can be vindicated in this case.

Second, though the documents Defendants seek to seal have not previously been accessed by the public, this second factor is at most neutral. *Hubbard* held that prior access may weigh in

favor of subsequent access but did not state the reverse. *See* 650 F.2d at 318–19. Given the "crucial importance of providing as much information as possible to FOIA plaintiffs" who are already at an information disadvantage, *Lykins*, 725 F.2d at 1465, weighing a lack of previous public access as favoring the sealing of a declaration that contains the entirety of Defendants' justification for withholding information under Exemption 3 would put an even heavier thumb on the scale in favor of the agency. *See Arieff*, 712 F.2d at 1469 ("The in camera presentation . . . of factual assertions and expert opinion relating to th[e contents of agency records is] a greater distortion of normal judicial process, since it combines the element of secrecy with the element of one-sided, ex parte presentation." (italicization omitted)); *see also Vaughn v. Rosen*, 484 F.2d 820, 824 (D.C. Cir. 1973) ("This lack of knowledge by the party see[k]ing disclosure seriously distorts the traditional adversary nature of our legal system's form of dispute resolution.").

The third factor weighs in favor of Plaintiff, who has objected to the sealing of the second declaration and *Vaughn* index, and whose legal interests would be harmed by their sealing. *Cf. Vaughn*, 484 F.2d at 826 (reasoning that *Vaughn* indexes needed in FOIA cases to "(1) assure that a party's right to information is not submerged beneath governmental obfuscation and mischaracterization, and (2) permit the Court system effectively and efficiently to evaluate the factual nature of disputed information"). Defendants allude to third-party privacy interests they contend are at stake but have not explained why redacting the third parties' names in the second declaration and *Vaughn* index would be insufficient to protect their privacy.

Similarly, with respect to the fourth and fifth factors, Defendants mention nonspecific property and privacy interests that, if released, "would constitute an unwarranted invasion of individuals' privacy rights by implicating them in criminal activity, and subjecting them to potential harassment, criticism, intimidation, economic reprisals, and other significantly harmful

consequences." Mot. Leave at 3–4. But this explanation is more opaque than FOIA precedent allows and fails to support Defendants' assertion that *none* of Defendants' justification for invoking Exemption 3 can be made public. *See Perioperative*, 57 F.4th at 1067 ("[A] district court may rely on an ex parte declaration in a FOIA case only when the government's asserted exemption cannot be evaluated through 'public affidavits' or 'the records themselves.'" (quoting *Arieff*, 712 F.2d at 1471)). Defendants omit any information about the privacy interests that would give the interests shape and meaning, such as their context or how the information contained in the second declaration and *Vaughn* index (as opposed to the information in the redacted records themselves) would cause the listed potential consequences.[7] Is the information to be sealed the person's name, profession, residence, or other sensitive personal data? Are they suspects, witnesses, investigators, or none of the above? How would public knowledge of the broad strokes of the information's relation to the exemptions at issue cause the asserted prejudice, and why does the entirety of the second declaration and *Vaughn* index need to be sealed to prevent it? Without answers to these questions or any other further explanation, Defendants have "failed to explain why the use of an in camera affidavit [and *Vaughn* index is] appropriate and why none of that affidavit could be shared with [Plaintiff]." *See Armstrong*, 97 F.3d at 581.

Finally, the sixth factor weighs the purpose for which the document is introduced in the judicial proceedings. Here, Defendants are wrong that the second declaration and *Vaughn* index do not "bear on the merits of the Plaintiff's case . . . ." *See* Mot. Leave at 4. Rather, Defendants'

---

[7] Indeed, as mentioned above, *see supra* n.4, these privacy interests appear most applicable to the interests protected by Exemption 7(C) (which covers law enforcement records implicating personal privacy), redactions under which Plaintiff does not intend to challenge. Plaintiff finds it unlikely that the exact same generalized property and privacy interests are at issue across both FOIA exemptions (and across the nondisclosure statutes claimed under Exemption 3, of which Defendants state there are multiple) and thus apply to all information contained in the documents Defendants seek to seal.

explanations for why their Exemption 3 withholdings are justified under the FOIA go to the very heart of the merits of this action, and the filing of these documents under seal would deprive Plaintiff of any chance to argue those merits. Because the sixth factor "'oftentimes carr[ies] great weight' when [the] 'sealed document is considered as part of judicial decisionmaking,'" this factor further supports denying Defendants' Motion for Leave. *In re Los Angeles Times Commc'ns LLC*, 28 F.4th 292, 298 (D.C. Cir. 2022) (quoting *Cable News Network*, 984 F.3d at 120).

In sum, even under the *Hubbard* test, with the balance of the factors supporting public access to the documents Defendants seek to file ex parte and under seal, the public interests at stake call for the Court's denial of Defendants' Motion for Leave.

## CONCLUSION

Because Defendants have not provided clear reasons supporting that their filing of a sealed, ex parte declaration and *Vaughn* index is absolutely necessary to their assertion of exemptions and because they have not made available to Plaintiff as much as possible of their ex parte submissions, Defendants' Motion for Leave should be denied.

Dated: March 17, 2023

Respectfully submitted,

*/s/ Taylor Stoneman*
Taylor Stoneman
D.C. Bar No. 888155721
AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 848-1319
taylor.stoneman@americanoversight.org

*Counsel for Plaintiff*