UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN OVERSIGHT,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>Defendants. | Civil Action No. 21-3030 (TNM) |

**DEFENDANTS' SUR-REPLY IN FURTHER OPPOSITION TO
PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................. 1

ARGUMENT ....................................................................................................................... 1

I.     ICE Asserted FOIA Exemptions 3, 6, and 7(C) in its Motion for Summary Judgment ..... 1

II.    ICE's Withholdings Under FOIA Exemptions 6 and 7(C) Are Proper ............................. 4

# TABLE OF AUTHORITIES

**Cases**

*Ayuda, Inc. v. Federal Trade Commission*,
  70 F.Supp.3d 247 (D.D.C., 2014) ........................................................................................... 2

*Ben-Kotel v. Howard Univ.*,
  319 F.3d 532 (D.C. Cir. 2003) ................................................................................................ 1

*Blackwell v. FBI*,
  646 F.3d 37 (D.C. Cir. 2011) .................................................................................................. 5

*Boyd v. Crim. Div. of Dep't of Just.*,
  475 F.3d 381 (D.C. Cir. 2007) ................................................................................................ 6

*Cuban v. SEC*,
  744 F.Supp.2d 60, (D.D.C.2010) ............................................................................................ 2

*Coleman v. Lappin,*
  607 F. Supp. 2d 15, 22 (D.D.C. 2009) ................................................................................ 4, 5

*Gula v. Meese*,
  699 F.Supp. 956, (D.D.C.1988) .............................................................................................. 2

*Jordan v. DOJ*,
  591 F.2d 753 (D.C.Cir.1978) .................................................................................................. 2

*Jud. Watch v. Dep't of Navy*,
  25 F. Supp. 3d 131, 141 (D.D.C. 2014) .................................................................................. 5

*Henderson v. Dep't of Just.*,
  157 F. Supp. 3d 42, 50 (D.D.C. 2016) .................................................................................... 4

*Moses v. Dodaro*,
  840 F. Supp. 2d 281 (D.D.C. 2012) ........................................................................................ 1

*Nat'l Ass'n of Home Builders v. Norton*,
  309 F.3d 26, 33-34 (D.C. Cir. 2002) ....................................................................................... 5

*Nat'l Archives & Recs. Admin. v. Favish*
  541 U.S. 157 (2004) ................................................................................................................ 5

## INTRODUCTION

Defendants, U.S. Department of Homeland Security (the "Department") and the Immigration and Customs Service ("ICE"), pursuant to this Court's Standing Order, hereby respectfully submits this Sur-Reply to Plaintiff, American Oversight's, Reply in Support of its Cross-Motion for Summary Judgment ("Reply"), ECF No. 29. Plaintiff's Reply includes new arguments which were not originally raised in its combined Cross-Motion for Summary Judgment and Opposition to Defendants' Motion for Summary Judgment ("Cross-Motion"), ECF Nos. 24–25. As such, Defendants' Sur-reply, as it only addresses Plaintiff's new arguments, is properly submitted under the law. *See Ben-Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.C. Cir. 2003) (holding that sur-replies are proper "when a party is 'unable to contest matters presented to the court for the first time' in the last scheduled pleading."); *see also Stevens v. Sodexo, Inc.*, 846 F. Supp. 2d 119 (D.D.C. 2012) (holding same); *see also Moses v. Dodaro*, 840 F. Supp. 2d 281 (D.D.C. 2012) (holding same).

## ARGUMENT

**I.     ICE Asserted FOIA Exemptions 3, 6, and 7(C) in its Motion for Summary Judgment**

In its Reply, Plaintiff seeks summary judgment on ICE's assertions of FOIA Exemptions 6 and 7(C) to certain withheld records. Pl.'s Reply at 2-6. Notably, however, Plaintiff never challenged ICE's assertion of FOIA Exemptions 6 and 7(C) in its Cross-Motion, apparently under the assumption that those FOIA Exemptions were not being asserted to the records withheld under FOIA Exemption 3. *Id*. In other words, Plaintiff states that it did not realize that ICE was asserting FOIA Exemptions 6 and 7(C) at the briefing stage to the records initially withheld at the administrative stage only under FOIA Exemption 3. *Id*. Plaintiff further appears to indicate that ICE has waived its right to assert FOIA Exemptions 6 and 7(C) in the instant case. *Id*.

As an initial matter, it is well-established that an "agency is . . . entitled to refine its position" by asserting new or different FOIA exemptions before the Court than it identified in the administration process. *See Ayuda, Inc. v. FTC*, 70 F. Supp. 3d 247, 261 n.5 (D.D.C. 2014) (citing *Cuban v. SEC*, 744 F. Supp. 2d 60, 90 (D.D.C.2010)); *see also Gula v. Meese*, 699 F. Supp. 956, 959 n. 2 (D.D.C. 1988) ("[T]he defendant in a FOIA case may assert new exemptions at the federal district court level stage not previously asserted at the administrative level, even if the circumstances have not changed in the interim.") (citing *Jordan v. Dep't of Just.*, 591 F.2d 753, 779 (D.C. Cir. 1978)). Thus, to the extent that Plaintiff argues that Defendants are not entitled to assert new FOIA Exemptions at the briefing stage, this position is incorrect and contradicted by the controlling authorities in this District.

Moreover, in support of Defendants' Motion, ECF No. 23, ICE submitted the Declaration of Fernando Pineiro ("Pineiro Declaration"), ECF No. 21-3 ("Pineiro Decl."), and a *Vaughn* Index, ECF No. 21-4 ("*Vaughn* Index"), to describe the adequacy of ICE's searches and its withholdings under FOIA Exemptions 3, 5, 6, 7(C), and 7(E). In Defendants' Motion, FOIA Exemptions 6 and 7(C) were asserted to records that were originally withheld under Exemption 3. On this point, the language of the *Vaughn* Index was abundantly clear, and is worth quoting at length:

> Exemption (b)(3) was asserted to immigration information that is deemed confidential by statute and/or regulation. Specifically, this information was withheld as it is covered by non-disclosure statutes and/regulations that mandate the confidentiality of the information and that survive the death of the non-citizens at issue. The statutes and/or regulations at issue specifically exempt this information from disclosure and the pages at issue contain information exempted from disclosure pursuant to statute and/or regulation. Given that the safety of the survivors may be at issue should the information as to the statute and/or regulation that apply be disclosed, ICE is not disclosing the subject statutes and/or regulations.
>
> *Additionally*, *ICE is also asserting Exemptions (b)(6) and (b)(7)(C) to protect this information as it could reasonably be expected to constitute an unwarranted invasion of individuals' survivor privacy interests*. Specifically, the information withheld contains specifics on confidential immigration information that could

reasonably be expected to constitute an unwarranted invasion of individuals' personal privacy interests in: not being associated with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and potential danger should the information be released.

*Id*. at 8–9 (emphasis added). [1] As the above-excerpted language makes clear, ICE additionally asserted FOIA Exemptions 6 and 7(C) to protect information that was also being withheld under Exemption 3. Indeed, Plaintiff even concedes in its Reply that "upon closer inspection" of the Pineiro Declaration, "ICE may have meant to assert additional exemptions in briefing that didn't appear in the records themselves." Pl.'s Reply at n.6 (citing Pineiro Decl. ¶ 116). Thus, Plaintiff's representation that ICE did not adequately clarify the FOIA Exemptions it was asserting at the start of the summary judgment briefing for the instant case is simply inaccurate.

Plaintiff seems to suggest that ICE only informed Plaintiff that it intended to assert FOIA Exemptions 6 and 7(C) over the Exemption 3 material one-week prior to the filing of Defendants' reply. *Id*. at 5, Ex. I. That too is inaccurate. As explained above, ICE explicitly stated to which records it was asserting FOIA Exemptions 3, 6, and 7(C) at the start of summary judgment briefing. Plaintiff's challenge of ICE's Exemption 3 withholdings and its failure to challenge Exemptions 6 and 7(C) in its Cross-Motion, however, did engender some confusion, and the undersigned counsel for ICE reached out to Plaintiff's counsel to seek clarity on Plaintiff's position. But even after Plaintiff made it clear that it opposes ICE's assertions of FOIA Exemptions 6 and 7(C), it remains

---

[1] In its Reply, Plaintiff asserts that ICE's *Vaughn* Index "does not clearly state that [FOIA Exemptions 3, 6, and 7(C)] applied to every individual redaction on each listed page." Pl.'s Reply at 4. Yet even a cursory review of ICE's *Vaughn* Index should be sufficient to show that this is not true. Specifically, the *Vaughn* Index plainly indicates the documents, the pages of the documents, the portions of the pages of the documents, and even the specific footnotes on the pages of the documents to which it was asserting FOIA Exemptions 3, 6, and 7(C). *See Vaughn* Index at 7-9.

that Plaintiff did not challenge those exemptions in its Cross-Motion. Accordingly, ICE did not brief those exemptions in its Reply.

## II.   ICE's Withholdings Under FOIA Exemptions 6 and 7(C) Are Proper.

If the Court is willing to consider Plaintiff's challenge of ICE's assertions of FOIA Exemptions 6 and 7(C) at this stage, Defendants respectfully request that the Court grant summary judgment in their favor.

FOIA Exemptions 6 protects "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6); *see also Henderson v. Dep't of Just.*, 157 F. Supp. 3d 42, 50 (D.D.C. 2016) (same). "The Court's first task is to determine whether the responsive records are personal, medical or similar files." *Id.* "If so, the Court next determines whether disclosure of the third-party information 'would constitute a clearly unwarranted invasion of personal privacy.'" *Id.* "This second inquiry requires [the Court] to balance the privacy interest that would be compromised by disclosure against any public interest in the requested information." *Id.* (internal quotation marks omitted). "The only relevant public interest in this context harkens back to the principal purpose of the FOIA: to 'shed[ ] light on an agency's performance of its statutory duties[.]'" *Id.*

"Protection under Exemption 6 . . . 'cover[s] detailed Government records on an individual which can be identified as applying to that individual.'" *Id.* "In other words, Exemption 6 is designed 'to protect individuals from the injury and embarrassment that can result from the unnecessary disclosure of personal information' maintained in government records, regardless of 'the label on the file[.]'" *Id.* (citation omitted).

"It is the requester's obligation to articulate a public interest sufficient to outweigh an individual's privacy interest, and the public interest must be significant." *Coleman v. Lappin*,

607 F. Supp. 2d 15, 22 (D.D.C. 2009). "'[U]nless a FOIA request advances the citizens' right to be informed about what their government is up to, no relevant public interest is at issue.'" *Henderson*, 157 F. Supp. 3d at 51 (quoting *Nat'l Ass'n of Home Builders v. Norton*, 309 F.3d 26, 33-34 (D.C. Cir. 2002)). "Courts have held specifically that Exemption 6 covers 'such items as a person's name, address, place of birth, employment history, and telephone number[,]' notwithstanding the nature of the document or file within which this information appears." *Jud. Watch v. Dep't of Navy*, 25 F. Supp. 3d 131, 141 (D.D.C. 2014) (citation omitted); *see also Coleman*, 607 F. Supp. 2d at 22 (holding, in part, that individuals' Social Security numbers and dates of birth were properly withheld under Exemption 6).

Additionally, FOIA Exemption 7(C) exempts from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C); *see also Nat'l Archives & Recs. Admin. v. Favish*, 541 U.S. 157, 160 (2004) (same). "As a result of Exemption 7(C), FOIA ordinarily does not require disclosure of law enforcement documents (or portions thereof) that contain private information." *Blackwell v. FBI*, 646 F.3d 37, 41 (D.C. Cir. 2011). "[P]rivacy interests are particularly difficult to overcome when law enforcement information regarding third parties is implicated." *Id*. (internal quotation marks omitted). "[T]he Supreme Court has made clear that requests for such third-party information are strongly disfavored." *Id*. (internal quotation marks omitted). "That is particularly true when the requester asserts a public interest—however it might be styled—in obtaining information that relates to a criminal prosecution." *Id*.

"[T]o trigger the balancing of public interests against private interests," a FOIA requester must show (i) "'that the public interest sought to be advanced is a significant one, an interest more

specific than having the information for its own sake,'" and (ii) "'the information is likely to advance that interest.'" *Boyd v. Crim. Div. of Dep't of Just.*, 475 F.3d 381, 387 (D.C. Cir. 2007) (quoting *Favish*, 541 U.S. at 172).

ICE is a law enforcement agency. Pineiro Decl. ¶ 24. Plaintiff's FOIA requests sought law enforcement records. *Id*. ¶¶ 99, 103. Pursuant to Exemption 7(C), as well as Exemption 6, ICE withheld confidential immigration and law enforcement information, which—if released—would compromise the privacy interests of the survivors of deceased non-citizen individuals. *Id*. ¶ 116. Disclosure of such information would constitute an unwarranted invasion of the affected individuals' personal privacy. *Id*. Specifically, release of the aforesaid information would compromise the affected individuals' privacy interests by publicly associating them with alleged criminal activity, and by potentially subjecting them to unwarranted harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion. *Id*. ¶ 119.

For the reasons discussed herein and set forth in ICE's declarations and *Vaughn* indices, the Court should conclude that ICE appropriately withheld information under Exemptions 6 and 7(C). Given that the privacy interests that are implicated in the information ICE has withheld under Exemptions 6 and 7(C) palpably exceed any presumed benefit that will accrue to the public due to the disclosure of this information, it is unambiguous that ICE has properly applied Exemptions 6 and 7(C) in the instant case. ICE would like to emphasize that the records covered by the aforesaid exemptions include extremely sensitive immigration information and touch upon the affected individuals' privacy interests in myriad ways. *See*, *e.g.,* Vaughn Index at 8-9. As such, should the Court require additional information pertaining to its assertion of FOIA Exemptions 6 and 7(C),

ICE is willing to provide the subject records, along with a supplemental declaration and *Vaughn* Index, for in camera review.

Dated: June 16, 2023
       Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By:       /s/*Fithawi Berhane*
     FITHAWI BERHANE
     Assistant United States Attorney
     601 D Street, NW
     Washington, DC 20530
     (202) 252-6653
     Fithawi.Berhane@usdoj.gov

*Attorneys for the United States of America*