UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

————————————————————

AMERICAN OVERSIGHT,

          Plaintiff,

        v.

U.S. DEPARTMENT OF HOMELAND
SECURITY, *et al*.,

          Defendants.

————————————————————

Civil Action No. 21-3030 (TNM)

**DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO
FILE SUR-REPLY IN FURTHER OPPOSITION TO PLAINTIFF'S CROSS-MOTION
<u>FOR SUMMARY JUDGMENT</u>**

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................................... 1

ARGUMENT ................................................................................................................. 1

    I.     The Arguments Made in Plaintiff's Reply Consisted of a New Challenge to ICE's Withholdings.............................................................................................................. 1

    II.    Plaintiff's Arguments in Opposition to Defendants' Motion to File Sur-Reply Fail ... 2

## TABLE OF AUTHORITIES

**Cases**

*Gula v. Meese*,
   699 F.Supp. 956, (D.D.C.1988) ................................................................................................ 3

*Jordan v. DOJ*,
   591 F.2d 753 (D.C.Cir.1978) ................................................................................................... 5

**INTRODUCTION**

Defendants, U.S. Department of Homeland Security (the "Department") and the Immigration and Customs Service ("ICE"), hereby respectfully submit this memorandum in reply to Plaintiff, American Oversight's Opposition to Defendants' Motion for Leave to File a Sur-Reply ("Opposition"), ECF No. 32.

**ARGUMENT**

**I.   The Arguments Made in Plaintiff's Reply Consisted of a New Challenge to ICE's Withholdings.**

Plaintiff's Cross-Motion for Summary Judgment and Opposition to Defendants' Motion for Summary Judgment ("Cross-Motion"), ECF Nos. 24–25, did not contest any of ICE's assertions of FOIA Exemptions 6 and 7(C) to records which were simultaneously withheld under FOIA Exemption 3. However, in Plaintiff's Reply in Support of its Cross-Motion for Summary Judgment ("Reply"), ECF No. 29, it not only contested ICE's assertions of FOIA Exemptions 6 and 7(C) for the first time, but it also advanced a host of new arguments in support of its new challenge to ICE's withholdings. Accordingly, Defendants sought leave to file a Sur-Reply to Plaintiff's transparently new arguments.

Plaintiff's Opposition seems to rely on the dubious premise that Plaintiff's arguments against ICE's Exemption 6 and 7(C) withholdings were not actually new (thereby rendering the proposed Sur-Reply unnecessary and improper), because its challenge to the aforesaid withholdings was allegedly maintained due to extra-briefing correspondence between the parties. *See* Pl.'s Opp'n at 4. But this is a spurious argument, not least because no such correspondence existed prior to the filing of Defendants' Motion, which asserted Exemptions 6 and 7(C) to the subject records. Consequently, when Defendants state that Plaintiff has raised new arguments in

its Reply, it means that Plaintiff never made any challenge to ICE's Exemption 6 and 7(C) withholdings in its Cross-Motion. ICE's *Vaughn* index, ECF No. 21-4, stated that "Exemption (b)(3) was asserted to immigration information that is deemed confidential" and that "[a]dditionally, ICE is also asserting Exemptions (b)(6) and (b)(7)(C) to protect this information[.]" *See Vaughn* index at 8-9. Further, in the left-adjacent column, ICE's *Vaughn* index specifies which records were being withheld under the aforesaid exemptions. Had Plaintiff's wished to challenge these withholdings in its Cross-Motion, Defendants would not have objected and would have responded to Plaintiff's arguments in the normal manner.

## II.   **Plaintiff's Arguments in Opposition to Defendants' Motion to File Sur-Reply Fail.**

First, Plaintiff, in its Reply, appears to ascribe its failure to challenge ICE's assertions of the aforesaid exemptions to the alleged "confusion Defendants have created" by asserting new exemptions at briefing which were not asserted during the administrative processing of Plaintiff's FOIA requests. *See* Pl.'s Reply at n.6.  Second, Plaintiff argues that ICE never even asserted FOIA Exemptions 6 and 7(C) in Defendants' Motion for Summary Judgment ("Motion"), ECF No. 21. For example, Plaintiff's Reply argues that ICE's *Vaughn* index "does not clearly state that all three of those exemptions applied to every individual redaction on each listed page." *See* Pl.'s Reply at 8. Indeed, Plaintiff explicitly challenges ICE to cite any instance where it applied FOIA Exemptions 6 and 7(C) in Defendants' Motion. *See Id*. at 7 (stating that "[i]ndeed, in making this claim about what their Motion supposedly says, Defendants do not even cite to that document— because they cannot."). Finally, Plaintiff appears to allege that ICE's assertions of FOIA Exemptions 6 and 7(C) were excessively "vague." *See Id*. And because of this supposed vagueness, Plaintiff argues that it is entitled to summary judgment on the aforesaid exemptions. *See Id*. at 8.

These are all new arguments that were not made in Plaintiff's Cross-Motion, and which should not be made now in Plaintiff's Reply without a response.

Accordingly, Defendants seek leave from the Court to file a Sur-Reply to Plaintiff's transparently new arguments. Contrary to Plaintiff's representations, agency defendants have a right to assert FOIA exemptions at briefing even if they were not asserted during the administrative processing of a plaintiff's FOIA requests. *See,* e.g., *Gula v. Meese*, 699 F. Supp. 956, 959 n. 2 (D.D.C. 1988) ("[T]he defendant in a FOIA case may assert new exemptions at the federal district court level stage not previously asserted at the administrative level, even if the circumstances have not changed in the interim.")(citation omitted).

Likewise, despite Plaintiff's argument in its Reply to the contrary, ICE did assert FOIA Exemptions 6 and 7(C) in Defendants' Motion and should be allowed to respond. Specifically, the language in the Declaration of Fernando Pineiro ("Pineiro Declaration"), ECF No. 21-3 ("Pineiro Decl."), and ICE's *Vaughn* index is clear about which exemptions were being asserted as to which records, and Defendants are entitled to refer the Court to that language in response to Plaintiff's new arguments. Finally, Defendants reasonably seek an opportunity, through its Sur-Reply, to demonstrate that ICE's FOIA Exemption 6 and 7(C) withholdings were proper in the face of Plaintiff's new challenge. As explained in the Pineiro Declaration, the privacy interests at stake in the withheld information are significant, and their disclosure "serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities." *See* Pineiro Decl. ¶ 120.

Interestingly, Plaintiff's Opposition accuses Defendants of "introduc[ing] mischaracterizations of the record" in the Sur-Reply. *See* Pl.'s Opp'n at n.2. Nevertheless, even in the face of these purported mischaracterizations, Plaintiff's Opposition appears to retract some of

the new Reply arguments to which Defendants' proposed Sur-Reply was directed. For example, Plaintiff appears to now concede that "Defendants addressed the Exemption 6 and 7(C) withholdings" in their Motion. *See Id.* at 3. Additionally, Plaintiff states that "Defendants' arguments . . . were supported by sections within ICE's declaration dedicated to Exemptions 6 and 7(C)," and that "while Plaintiff was confused that ICE addressed the withholdings Plaintiff believed were no longer at issue, Defendants clearly have not been 'deprived of the opportunity to contest' Exemption 6 and 7(C) issues." *See Id.* at 4. Defendants believe that review of their proposed Sur-Reply may have persuaded Plaintiff to abandon the unsupported argument that ICE failed to assert Exemption 6 and 7(C) to the subject records in Defendants' Motion at all or in a sufficiently unambiguous manner. But to the extent that Plaintiff has not retracted these, or the other new arguments put forth in its Reply, Defendants respectfully request that their Motion for Leave to file the proposed Sur-Reply be granted by the Court. [1]

Finally, the remainder of Plaintiff's Opposition also appears to make an oblique attempt at introducing yet another new argument, supported with the introduction of additional new exhibits —consisting of selected portions of Plaintiff's counsel's correspondence with the prior counsel for

---

[1]     Moreover, based upon Plaintiff's Reply and Opposition, the arguments it will seek to make in any purported response to the proposed Sur-Reply can likely be concisely summarized as follows: ICE failed to assert, improperly asserted, asserted without telling Plaintiff, or else asserted without sufficient clarity of language its contested Exemptions 6 and 7(C) withholdings—and therefore, Plaintiff is entitled to summary judgment on these withholdings. To the extent that any response to Defendants' Sur-Reply reiterates one, some, or all these arguments, which Plaintiff has already presented in two separate briefs, then Defendants respectfully request that the Court deny Plaintiff leave to respond to their proposed Sur-Reply. Interminable briefing on questions that are either irrelevant, tangential, or which can already be decided based upon the record before the Court will only needlessly protract this FOIA litigation. Nevertheless, Defendants do not object to any response that manages to identify and exclusively respond to any new argument in the proposed Sur-Reply. Alternatively, Defendants would be amenable to participating in a Status Conference with the Court in order to discuss these contested matters and hopefully resolve them in a fair and amicable way.

Defendants—into the record. *See generally Id*. at Ex. 1. Citing to correspondence with former counsel for Defendants, Plaintiff suggests that it was "invit[ed] . . . to identify specific challenges based on the redaction labels as they appeared in the records. Defendants were accordingly on notice not only of the FOIA exemptions at issue, but the specific redactions through the production Plaintiff intended to challenge." *See Id*. at 3. With this statement, Plaintiff seems to represent to the Court that ICE may have agreed to refrain from asserting additional FOIA exemptions with respect to the contested redactions at the briefing stage in this case.

Only a cursory review of the correspondence that Plaintiff cites should be sufficient to demonstrate that the only agreement between the parties prior to briefing was that Plaintiff would limit their challenges to the adequacy of ICE's search and to certain of the records that ICE redacted under FOIA Exemptions 3, 5, and 7(E). *See generally Id*. at Ex. 1. But the correspondence emphatically does not reflect that ICE ever agreed to refrain from asserting additional FOIA exemptions to the contested redactions at the briefing stage in this case. *See generally Id*. Indeed, it would have been extremely unusual if ICE assented to such unfair and inequitable terms, especially since Plaintiff itself continued to "reserve[e] the right to later raise additional issues" during the instant round of briefing or afterwards. *See Id*. at 4; *see also* Pl.'s Cross-Motion at n.10. As Plaintiff reserved its right to subsequently raise additional issues, ICE retained its right to "assert new exemptions at the federal district court level stage not previously asserted at the administrative level, even if the circumstances have not changed in the interim." *See Jordan v. Dep't of Just.*, 591 F.2d 753, 779 (D.C. Cir. 1978)).

*   *   *

Dated:  June 30, 2023
        Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By: _____/s/*Fithawi Berhane*_____
    FITHAWI BERHANE
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202) 252-6653
    Fithawi.Berhane@usdoj.gov

*Attorneys for the United States of America*