**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| AMERICAN OVERSIGHT, | ) |
| *Plaintiff*, | ) |
| v. | ) Case No. 21-cv-03030 (TNM) |
| U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*, | ) |
| *Defendants*. | ) |

**PLAINTIFF'S MOTION TO REOPEN**

i

**INTRODUCTION**

On September 5, 2023, this Court issued a Memorandum Opinion and Order granting Plaintiff's Cross-Motion for Summary Judgment, ordering Defendant U.S. Immigration and Customs Enforcement ("ICE") to "(1) redo its search consistent with the Memorandum Opinion, (2) turn over all documents and portions of documents withheld only under Exemption 3, as determined by the labels in the productions, and (3) turn over all documents and portions of documents withheld only under Exemption 5[.]" Sep. 5, 2023 Order (ECF No. 35); Sept. 5, 2023 Mem. Op. (ECF No. 34). Three months after the Court's order, ICE has produced within the last two days fewer than half the records covered by parts 2 and 3 of the order—records that should have been readily available for prompt release—and has provided virtually no information about the status of the supplemental search required by part 1 of the order. Consequently, Plaintiff moves to reopen this case to facilitate the Court's oversight of ICE's compliance with its order.[1] Pursuant to LCvR 7(m), Plaintiff has consulted with opposing counsel, who opposes this motion.

**BACKGROUND**

The Court's September 5, 2023 Order stated it was a final, appealable order and instructed the Clerk of Court to close the case. Order (ECF No. 35). The Order did not include a date by which ICE needed to comply. *See id.* Plaintiff reached out to ICE twice within a month after the Court's order, asking when ICE planned to release records and perform a new search in compliance

---

[1] Plaintiff files this motion to reopen in lieu of a motion for reconsideration under Rule 60(a) or (b) or a motion to enforce the judgment under Rule 70(e), as the latter procedural mechanisms either do not fully encompass the current situation or are cautioned against in the Court's standing order. Plaintiff does not wish for the Court to reconsider its September 5, 2023 Order, but rather asks the Court to set a scheduling order with an explicit and short timeframe to enforce compliance. Though Rule 70 deals with enforcement, it provides only for specific steps not applicable here. Plaintiff was unable to identify another civil or local rule that applies to this precise situation, and instead asks the Court to exercise its discretion to ensure justice is served through compliance with its Order on a more reasonable timeline than Defendants have been willing to achieve.

with the order. *See* Email Correspondence between Plaintiff and ICE ("Exhibit A") at 8–9. On October 10, ICE stated the "court's decision [wa]s undergoing review." *Id.* at 8. On November 8, after the appeal deadline passed, Plaintiff's counsel emailed yet again, asking to "set up a timeline for production" and noting her availability for a call. *Id.* at 7. On November 14, having heard no response by email, Plaintiff reached opposing counsel on the phone, who promised ICE would have more information regarding the records and search on Friday, November 17. By Friday, opposing counsel still could not give Plaintiff an anticipated timeline. *Id.* at 7.

On Tuesday, November 21, opposing counsel reported that ICE had "already started preparing the records for production" and was "currently in the process of conducting the new search," but "c[ould]n't give [Plaintiff] an anticipated timeline." *Id.* at 6. Plaintiff responded that same day, expressing disappointment at the lack of a concrete timeline and requesting production of the records and information about the new search by the end of November. *Id.* at 5–6. On November 30, Plaintiff followed up yet again for information. In response, opposing counsel stated that ICE "should be able to get [Plaintiff] some, but not all, of the records ordered to be released by [December 8] . . . [and] the rest of the records . . . by the end of December, if not sooner." Ex. A at 4–5. Although the records were the subject of litigation and should have been readily accessible, he informed Plaintiff that "ICE has apparently changed processing systems, so the records ordered to be released need to be located and reprocessed manually." *Id.* at 5. Opposing counsel also wrote that the "ordered search . . . will begin at the start of December," though just a week-and-a-half prior ICE had claimed it was already in the process of conducting the search. *See id.* at 5–6. Finally, in response to Plaintiff's concern about the passage of time since the Court's Order, opposing counsel noted that, "while we are over 75 days past the issuance of the Court's decision on this matter, we are less than a month past the deadline for filing a Notice of Appeal[.]" *Id.* at 5.

2

On Friday, December 1, 2023, Plaintiff left a voicemail for opposing counsel seeking to discuss ICE's planned December 8th production of records and the status of the new search, later following up on these questions by email and expressing Plaintiff's dissatisfaction with ICE's delayed compliance. *Id.* at 4. Plaintiff's email offered a phone call "any time on Monday" to discuss these issues. *Id.* In an emailed response, opposing counsel "d[id]n't think a telephone conversation [wa]s necessary to discuss ICE's obligations, because those obligations [we]re already clearly stated in the Court's Order of September 5, 2023." Ex. A at 3. He continued, "As of right now, ICE is not in violation of that Order, and it fully intends to obey it." *Id.*

On Thursday, December 7, ICE produced to Plaintiff 14 pages of records with lifted redactions. Earlier today, ICE produced 189 pages of records with lifted redactions. These 203 pages amount to less than half of the total amount ordered by the Court to be re-released. At 4:14pm ET on the date of this motion, ICE informed Plaintiff that "ICE is currently aiming to release the remaining records by the end of next week," and that "ICE is also trying to complete the search by the December 29th, but while it cannot promise to be done by that time, it can commit to providing you an update by that time." *Id.* at 1.

## ARGUMENT

Plaintiff has attempted and would prefer to work cooperatively with opposing counsel to ensure more prompt compliance with the Court's September 5, 2023 Order. ICE's position, however, appears to be that it gets to decide whatever timeline is reasonable by its own measures. By ICE's logic, if it has not fulfilled its obligations a year from now, but still intends to perform a new search and produce records, it will not be in violation of the Court's Order. That cannot be right.

At this time, due to ICE's lack of meaningful progress in its search, its admission that it needed to re-locate records that should have been readily available, and its production of fewer than half of the records to date, as well as an unwillingness to commit to or discuss a concrete timeline for such actions, Plaintiff lacks confidence in the agency's ability or willingness to reach a productive agreement regarding a timeframe for compliance with the Court's Order. Though the Court's Order does not require compliance by a specific date, Plaintiff expected ICE to produce records and redo its search within a reasonable timeframe from the date of the Court's Order—not from the deadline for appealing the order. Even if ICE had appealed, that would not excuse its obligations in the meantime, absent a stay, which ICE made no effort to seek.

It has now been more than three months since the Court issued its Order, with production still incomplete and the search hardly started, if at all. That is not reasonable. It is also unreasonable and unacceptable that ICE had to "locate[] and reprocess[]" records subject to this litigation, which should have been preserved and readily available. *See* Ex. A at 5. ICE's assertion that it "fully intends to obey" the Order provides little solace to Plaintiff. Plaintiff does not doubt that ICE intends to comply but has no confidence as to whether that compliance will be dragged out even further, particularly given its conduct to date. As a case in point, while Plaintiff appreciates the update ICE provided late on the date of this motion, it is notable that ICE still refuses to commit to concrete dates certain for fulfilling its obligations. Instead, ICE states only that it is "aiming" to complete production and that it is "trying" to complete its search by dates certain, and even those equivocal dates are still past the bounds of reasonableness.

Accordingly, Plaintiff respectfully requests that the Court reopen this case and issue a Scheduling Order providing short deadlines by which ICE must comply with the Court's September 5, 2023 Memorandum Opinion and Order.[2]

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests the Court reopen this case and issue a Scheduling Order.

Dated: December 8, 2023

Respectfully submitted,

*/s/ Taylor Stoneman*
Taylor Stoneman
D.C. Bar No. 888155721
AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 848-1319
taylor.stoneman@americanoversight.org

*Counsel for Plaintiff*

---

[2] Further, though Plaintiff did not seek attorneys' fees after the Court's closure of the case in its September 5, 2023 Order, given the need to reopen this case to separately facilitate compliance with the Order, Plaintiff now reserves the right to file a petition for fees subsequent to resolution of all outstanding issues.