UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN OVERSIGHT, </br></br> Plaintiff, </br></br> v. </br></br> DEPARTMENT OF HOMELAND SECURITY, et al., </br></br> Defendants. | Civil Action No. 21-3030 (TNM) |

### **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REOPEN**

Defendants, U.S. Department of Homeland Security and the Immigration and Customs Service ("ICE"), hereby respectfully submit this memorandum in opposition to Plaintiff, American Oversight's Motion to "Reopen" ("Motion"), ECF No. 36 ("Mot.").

### BACKGROUND

On September 5, 2023, this Court issued a Memorandum Opinion and Order granting Plaintiff's Cross-Motion for Summary Judgment, ordering ICE to "(1) redo its search consistent with the Memorandum Opinion, (2) turn over all documents and portions of documents withheld only under Exemption 3, as determined by the labels in the productions, and (3) turn over all documents and portions of documents withheld only under Exemption 5[.]" Sep. 5, 2023 Order (ECF No. 35); Sept. 5, 2023 Mem. Op. (ECF No. 34). On December 8, 2023, Plaintiff filed its Motion, complaining that "[t]here months after the Court's order, ICE has produced [only] fewer than half the records covered by parts 2 and 3 of the order . . . and has provided virtually no information about the status of the supplemental search required by part one of the order." Pl.'s Mot. at 2. Citing ICE's alleged "lack of meaningful progress in its search, its admission that it needed to re-locate records that should have been readily available, and its production of fewer

than half of the records to date, as well as an unwillingness to commit to or discuss a concrete timeline for such actions," Plaintiff filed its Motion to ask the Court "to set a scheduling order with an explicit and short timeframe to enforce compliance." *See id.* at 2 n.1.

## ARGUMENT

What is notable about Plaintiff's Motion is that it does not reference any supporting case law or legal authority whatsoever. *See generally id*. This is no surprise as even Plaintiff is forced to concede that the Federal Rules of Civil Procedure ("Rules") do not furnish a basis for the relief sought in its Motion. *See id*. at 2 n.1. As Plaintiff also recognizes, the Court issued its final, appealable order on September 5, 2023, in which the Clerk of Court was instructed to close this case. *See id.* at 2. Plaintiff cannot now request a "reopening" of this case so that the Court can effectively reconsider and amend its final, appealable order after the appellate deadline has already passed. *See* Fed. R. Civ. P. 54(d)(2)(B) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). Were ICE not to comply with the Court's judgment, the procedure is to invoke Rule 70, a rule that Plaintiff expressly disavows in its Motion. Mot. at 1 n.1. This is for a good reason—ICE has not violated the Court's judgment and any such motion would plainly fail under the standards for Rule 70 relief. *See, e.g.*, *Broderick v. Donaldson*, 437 F.3d 1226, 1234 (D.C. Cir. 2006) ("Civil contempt will lie only if the putative contemnor has violated an order that is clear and unambiguous, and the violation must be proved by clear and convincing evidence." (cleaned up)).

Moreover, in one place, Plaintiff represents that if its Motion is granted it will make an untimely petition for attorney's fees, while elsewhere, Plaintiff suggests that it is not interested in attorney's fees at all and that it only seeks "for the Court to reopen the case to enter a scheduling order." *Compare id.* 6 n.2. *with* ECF No. 40 at 2. Irrespective of Plaintiff's intention with respect

2

to attorney's fees, however, any petition for attorney's fees was due no more than fourteen-days after the entry of final judgment—in part, because to allow petitions for attorney's fees after the fourteen-day deadline but before the deadline for initiating an appeal would prejudice the party against whom judgment was entered in the first place. *See* Fed. R. Civ. P. 54(d)(2)(B); *see also* Fed. R. Civ. P. 54 Advisory Comm. Note (1993 Amendments) ("One purpose of this provision is to assure that the opposing party is informed of the claim before the time for appeal has elapsed."); *see also Mobley v. Dep't of Homeland Sec.*, 908 F. Supp. 2d 42, 45 (D.D.C. 2012) ("[T]he fourteen-day time period for filing motions for attorney's fees under Federal Rule of Civil Procedure 54 was intended, among other things, to align the resolution of fee requests with the time for appealing the merits of a case."). Accordingly, the Court should deny any untimely petition for attorney's fees.

Finally, and most importantly, since the filing of Plaintiff's Motion, most of the stated concerns that supposedly impelled the filing of the Motion have been addressed. Plaintiff concedes that ICE has already released the records covered by parts 2 and 3 of the Court's Order in full. *See* ECF No. 40 at 2 n.1. ICE has also made "meaningful progress" in the search ordered under part 1 of the Court's Order. Undersigned government counsel has provided Plaintiff with a substantive update on the status of its search. *See* Email of Jan. 30, 2024, attached hereto as Exhibit A.  And on January 23, 2024, Plaintiff received over sixty-pages of processed records, which were recovered from ICE's search efforts. As such, Plaintiff's legally meritless Motion should also be denied because of its mootness.

\* \* \*

Dated: February 1, 2024
Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:     /s/*Fithawi Berhane*
FITHAWI BERHANE
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-6653
Fithawi.Berhane@usdoj.gov

*Attorneys for the United States of America*