IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMERICAN OVERSIGHT, | ) | |
| *Plaintiff*, | ) ) ) | |
| v. | ) ) | Case No. 21-cv-03030 (TNM) |
| U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*, | ) ) ) ) | |
| *Defendants*. | ) ) ) | |

### REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO REOPEN

Defendants' Opposition to Plaintiff's Motion to Reopen ("Opposition"), ECF No. 42, fails to address the concerns raised by Plaintiff in its Motion to Reopen ("Motion"), ECF No. 36. Defendants admit their court-ordered search is still unfinished and provide no estimated time frame for review and production of any remaining responsive records, clearly establishing that Plaintiff's Motion is not moot at this time, and that the Court's oversight is necessary to ensure that the Immigration and Customs Service ("ICE") promptly complies with its obligations. Accordingly, Plaintiff reiterates its request for the Court to exercise its discretion to reopen this case and issue a Scheduling Order.

### ARGUMENT

Defendants' continued effort to avoid judicial oversight of their delayed compliance with the Court's Order fails for two primary reasons. First, Defendants improperly discount the Court's discretionary and equitable powers, wrongly professing that the lack of a specific procedural mechanism applicable here defeats Plaintiff's Motion and ties the Court's hands. Such logic would

1

give ICE an indefinite amount of time to comply with this Court's September 5, 2023 Memorandum Opinion and Order, leaving Plaintiff with no recourse as time drags on. *See* Sept. 5, 2023 Order (ECF No. 35); Sept. 5, 2023 Mem. Op. (ECF No. 34). Stranding Plaintiff in limbo, with no tether other than Defendants' vague promise to comply at some unspecified future time, cannot be the right result.[1] Moreover, Defendants' position—complaining that Plaintiff did not previously seek reconsideration of the Court's Order—creates perverse incentives. Plaintiff did not file a motion for reconsideration at the time of the Court's Order because it expected Defendants to act in good faith and comply promptly. Plaintiff saw no need to waste judicial resources on what would at that time have been an unnecessary, non-substantive motion, especially in light of the Court's standing order. *See* Nov. 17, 2021 Standing Order (ECF No. 4) at 7 ("Motions for reconsideration of prior rulings are strongly discouraged."). Now, five months after the Court's Order with no certain end-date for full compliance in sight, Plaintiff has found its initial trust was misplaced.

Second, Defendants admit they have yet to fulfill all of their obligations under the Court's Order, but do not explain why something other than full compliance would moot Plaintiff's Motion. *See* Opp'n at 3 (noting that "***most*** of [Plaintiff's] stated concerns . . . have been addressed" and claiming that ICE has made "meaningful ***progress***" in the search ordered by the Court) (emphasis added)). In relevant part, the Court instructed ICE to (a) search ICE's Office of the Principal Legal Advisor and ICE senior leadership, and (b) redo its prior searches of program offices using terms reflecting appropriate variations of detainees' names. *See* Sept. 5, 2023 Order. ICE's latest search update to Plaintiff indicates that the latter item has been completed. *See* Opp'n,

---

[1] Indeed, Defendants' rigid position as to procedural rules is ironic given their own failure to seek a stay pending appeal while at the same time delaying their compliance with the Order until after the appeal deadline had passed.

Ex. A (ECF No. 42-1). But with respect to the Office of the Director, ICE's search continues. ICE claims that "the searches are done" but its update belies that assertion. *Id.* At this point, ICE has completed only an email pull of communications for employees at the Office of the Director during the relevant timeframe. *Id.* "[T]he extra step of running searches using the names of the detainees still needs to be completed," then "a subsequent responsiveness search to get to any of the reports at issue would need to be conducted." *Id.* ICE does not say how long the agency expects this search and review of these "100s of 1000s" of records will take. *Id.* So, Plaintiff's concerns remain a live issue: ICE has yet to finish the search the Court ordered to be redone, including determining the full universe of supplemental records and producing those that are responsive, and Plaintiff has received no concrete timeline within which these actions will be complete.

In short, Plaintiff does not seek to alter or amend the substance of the Court's Memorandum Opinion and Order. Over five months have now passed since the Court granted Plaintiff's summary judgment motion on almost all issues and ordered ICE to perform supplemental searches, and the end is not in sight. Plaintiff simply asks that the Court exercise its discretion to ensure that ICE's compliance occurs within a reasonable and efficient timeframe, an outcome that Plaintiff has been unable to obtain from Defendants without the Court's assistance.[2]

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court reopen this case and issue a Scheduling Order setting forth dates certain for completing ICE's search and processing and producing responsive records to Plaintiff.

---

[2] Defendants devote a full paragraph of their Opposition to arguing that the Court "should deny any untimely petition for attorney's fees." Opp'n at 2–3. Plaintiff has not sought fees through its Motion but instead simply reserved the right to do so at the proper time, including for those fees incurred during this Motion's briefing. Defendants' argument at this time is improper.

3

Dated: February 8, 2024                    Respectfully submitted,

*/s/ Taylor Stoneman*
Taylor Stoneman
D.C. Bar No. 888155721
AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 848-1319
taylor.stoneman@americanoversight.org

*Counsel for Plaintiff*

4